OPINION
This matter presents a timely appeal from a judgment rendered by the Belmont County Common Pleas Court, overruling the petition for post-conviction relief filed by defendant-appellant, Johnathon Lee Moore.
On October 10, 1995, a complaint was filed against appellant in juvenile court. The six-count complaint alleged four counts of felonious assault, in violation of R.C. 2903.11(A)(2), along with attendant specifications for carrying a firearm while committing each offense. Plaintiff-appellee, State of Ohio, alleged that, with a shotgun, appellant assaulted four individuals, two of whom were police officers. The complaint also alleged two counts of burglary, in violation of R.C. 2911.12.
Appellant was seventeen years old at the time the offenses were committed. Pursuant to Juv.R. 30, a preliminary hearing was held on October 16, 1995 to determine whether there was probable cause to believe that appellant committed the alleged acts and that such acts would be a felony if committed by an adult. Probable cause was found with respect to the first three counts alleged in the complaint. The juvenile court relinquished jurisdiction and ordered that appellant be tried as an adult.
On January 4, 1996, the Belmont County Grand Jury indicted appellant on the first four counts alleged in the complaint. On January 11, 1996, appellant entered a plea of not guilty. Subsequently, two counts of the indictment were amended to delete any reference to the victims' status as police officers. Appellant then changed his plea to guilty.
On March 18, 1996, the trial court imposed four consecutive, indefinite incarceration terms of eight to fifteen years. The trial court also imposed four concurrent, definite three-year incarceration terms pursuant to R.C. 2941.141.
Appellant appealed his conviction arguing that the juvenile court erred in ordering that he be bound over for trial as an adult and in permitting an incomplete psychological examination to be conducted. This court affirmed his conviction. State v. Moore (Sept. 5, 1997), Belmont App. No. 96-BA-21, unreported.
Appellant then petitioned the trial court for post-conviction relief, alleging ineffective assistance of counsel. The trial court overruled appellant's petition finding that "the defendant was represented by competent counsel and said counsel represented the defendant effectively." This appeal followed.
Appellant's sole assignment of error on appeal alleges:
 "The trial court erred to the prejudice of the defendant-appellant and committed an abuse of discretion by denying the petition for post conviction relief."
Appellant argues that his defense counsel was ineffective. He claims said defense counsel advised him that in exchange for pleading guilty, he would be sentenced to concurrent terms. Appellant insists that if he had known his sentences would be consecutive, he would not have pled guilty.
Appellant further argues that his defense counsel failed to raise the question of subject matter jurisdiction prior to his plea and sentencing. The juvenile court found that no probable cause existed on the fourth count of felonious assault. Appellant maintains, therefore, that the trial court lacked jurisdiction with respect to the fourth count. Appellant contends that defense counsel's failure to raise the issue of subject matter jurisdiction amounted to ineffective assistance of counsel.
R.C. 2953.22(A)(2) provides that "a petition [for post-conviction relief] shall be filed no later than one hundred eighty days after the date on which the trial transcript is filed in the court of appeals in the direct appeal of the judgment of conviction or adjudication * * *." In his direct appeal, appellant filed the trial transcript with this court on April 8, 1996. He thereafter filed his petition for post-conviction relief on December 4, 1998, well beyond the 180 days allowed under the statute.
In State v. Reese (June 2, 1999), Mahoning App. No. 98 C.A. 33, unreported, this court considered the timeliness in which a petition for post-conviction relief was filed. Concluding that the petition was filed beyond the statutory deadline, this court held, "the trial court had no jurisdiction to consider an untimely filed petition unless [petitioner] met the requirements of both R.C. 2953.23(A)(1) and (2) * * *."
R.C. 2953.23(A) provides, in pertinent part:
 "* * *, a court may not entertain a petition filed after the expiration of the period prescribed in division (A) of [R.C. 2953.21] * * * unless both of the following apply:
"(1) Either of the following applies:
 "(a) The petitioner shows that the petitioner was unavoidably prevented from discovery of the facts upon which the petitioner must rely to present the claim for relief.
 "(b) Subsequent to the period prescribed in division (A)(2) of section 2953.21 of the Revised Code or to the filing of an earlier petition, the United States Supreme Court recognized a new federal or state right that applies retroactively to persons in the petitioner's situation, and the petition asserts a claim based on that right.
 "(2) The petitioner shows by clear and convincing evidence that, but for constitutional error at trial, no reasonable factfinder would have found the petitioner guilty of the offense of which the petitioner was convicted * * *."
This court determined that the petitioner in Reese failed to set forth evidence to satisfy R.C. 2953.23(A)(1) and (2). Therefore, we concluded that as the trial court did not have jurisdiction to consider the petitioner's untimely petition for post-conviction relief, we were likewise unable to reach the merits of the petitioner's arguments on appeal. Reese, supra.
In the case at bar, appellant has not produced evidence to show that he was prevented from discovering facts relevant to his claim. Furthermore, no new federal or state rights applied retroactively to appellant. Finally, appellant has failed to produce any evidence to show that he would have been found not guilty if not for the occurrence of certain constitutional errors.
Because neither of the exceptions in R.C. 2953.23(A) applies to appellant, he had until October 5, 1996 to file his petition for post-conviction relief with the trial court. It was not filed until December 4, 1998. Therefore, appellant's petition for post-conviction relief was not timely filed. Pursuant to our ruling inReese, supra, this court cannot consider the merits of appellant's arguments on appeal.
This appeal is hereby dismissed for lack of jurisdiction.
VUKOVICH, J., concurs, WAITE, J., concurs.
 ______________________________ EDWARD A. COX, PRESIDING JUDGE